## Nagle Estate.

Argued April 22, 1965. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*William H. Mitman,* for appellant.

*Lawrence E. MacElree,* with him *MacElree, Platt, Marrone & Harvey,* for appellee.

*W. Edward Greenwood,* with him *Gawthrop & Greenwood,* for appellee.

OPINION BY MR. JUSTICE MUSMANNO, May 25, 1965:

On December 7, 1953, Frank G. Nagle was adjudged incompetent by the Court of Common Pleas of Chester County. On April 24, 1964, he filed a petition in the orphans' court of that county to be adjudged competent. The court conducted an exhaustive hearing, heard the petitioner at length, took the testimony of three doctors, reviewed records and documentation, and, after argument by counsel involved, ordered the petition dismissed. The petitioner appealed.

A reading of the petitioner's testimony could lead one to a conclusion that he is stable, oriented, and able to handle his own affairs. Dr. Baldwin L. Keyes, a professor of psychiatry and neurology for 25 years and unquestionably a distinguished authority in his field, testified that Nagle was well enough to conduct his own affairs and that he would be beyond the reach of designing persons.

Two other equally eminent psychiatrists, Dr. Arthur O. Hecker and Dr. Herman Kirk van der Meer, testified to the contrary. From the opinion of the learned judge who heard the testimony it is obvious that he approached his decision sympathetically inclined toward the petitioner. However, the evidence would not permit him to release the protection which the petitioner has needed for many years: "We have considered carefully, as we should (Ryman's Case, 139 Pa. Superior Ct. 212) petitioner's spoken words, his acts and his conduct. His composure on the witness stand, his testimony and his manner of giving evidence, responsible as that appeared to be, together with the testimony of Dr. Keyes have not overcome in our con-

sidered judgment the weight of the countervailing psychiatrists' opinions and the record of some fourteen years of incompetency, at least eight of which required confinement in a mental hospital under treatment."

The record, unfortunately for the petitioner, amply bears out the judge's conclusions.

The petitioner is adept in the baker's trade and he is anxious to go into that business combined with setting up an ice cream manufacturing machine. These plans would call for an expenditure of from $8,000 to $15,000 for equipment alone. His estate is estimated at about $50,000. He would employ six to eight persons. Unless extraordinary good luck accompanied him in this venture, in addition to the plans he nurtures to breed animals on some unimproved land he owns, his present estate could well melt away under the ardent cooperation of designing persons. Trammeled as he may feel wearing the cloak of economic guardianship, he would find himself considerably much more hampered in his freedom wearing the bonds of economic destitution.

Section 323 of the Incompetents' Estates Act of 1955, amended and reenacted 1957, 50 P.S. §3323, provides: "The court, upon petition and after such notice as it shall direct, may find, after a hearing at which good cause is shown, that a person previously adjudged incompetent has become competent."

In proceedings under this statute the burden of proof of establishing competency by a fair preponderance of the evidence is on the petitioner. The determination as to whether he has become competent is a matter within the sound determination of the court. (*Earnshaw Appeal,* 187 Pa. Superior Ct. 124, 127.)

The record is clear that the court below not only properly determined the issue before it but also that its decision is preventative and protective in the best interests of the petitioner.

Affirmed.